FILED

JAN 30 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **20 CR 67** |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 1001, 1343, and 1957 |
| BRUCE LEE, | ) | |
| JAMES COSTELLO, and | ) | JUDGE KENNELLY |
| WILLIAM O'NEIL | ) | |
| | | MAGISTRATE JUDGE WEISMAN |

## COUNT ONE

The SPECIAL MAY 2019 GRAND JURY charges:

1. At times material to this Indictment:

    a. Chicago White Sox Ltd. ("the White Sox") operated a Major League Baseball team that played its home games at a ballpark in Chicago, Illinois.

    b. As part of its operations, the White Sox sold tickets to its home games, in part, through a ticketing office at the ballpark where White Sox ticket sellers printed and sold the tickets to customers. In addition to regular tickets, ticket sellers printed discount and complimentary tickets using specific codes. The White Sox maintained rules and procedures governing discount and complimentary tickets, including:

        i. Ticket sellers were authorized to issue customers discount or complimentary tickets only upon receipt of physical vouchers that were to be retained in the ticketing office;

    ii.  Ticket sellers were prohibited from reselling tickets at any price ("scalping") and were obligated to report knowledge of ticket scalping to the White Sox; and

    iii.  To allow the White Sox to monitor the sale and issuance of tickets, ticket sellers printing tickets were required to log on to a computer system using an identification code assigned to the ticket seller or to the particular ticket window at which the ticket seller was working.

  c.  Defendant BRUCE LEE owned and operated Great Tickets, and its successor Great Tickets, Inc., a ticket brokerage business located in Chicago, Illinois.

  d.  Defendant JAMES COSTELLO was employed by the White Sox as a ticket seller during the 2016, 2017, 2018, and beginning of the 2019 baseball season.

  e.  William O'Neil was employed by the White Sox as a ticket seller during the 2017, 2018, and beginning of the 2019 baseball season.

  f.  StubHub was an online ticket marketplace, based in San Francisco, California, that enabled individuals to buy and sell tickets to live events via the internet. StubHub's terms of service prohibited the sale of stolen tickets. StubHub communicated with its users by emails that were transmitted exclusively through servers in Nevada and Utah.

  g.  Gmail was an email service provider whose servers were located in California.

2. Beginning in or around March 2016 and continuing through in or around March 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE and<br>JAMES COSTELLO,

defendants herein, and William O'Neil, knowingly devised, intended to devise, and participated in a scheme to defraud and obtain money and property from the White Sox by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described in the following paragraphs.

3. It was part of the scheme that, from 2016 to 2019, with defendant LEE's knowledge, defendant COSTELLO, and O'Neil, fraudulently generated thousands of complimentary and discount White Sox baseball game tickets without having received the required vouchers, then gave those tickets to LEE for re-sale in exchange for cash payments to COSTELLO and O'Neil, all without the knowledge or authorization of the White Sox.

4. It was further part of the scheme that defendant COSTELLO accessed White Sox computers using identification codes belonging to others employed by the White Sox to generate tickets for defendant LEE without the White Sox's knowledge or authorization, all to avoid White Sox management's detection of the large number of tickets fraudulently generated by COSTELLO for re-sale by LEE.

5. It was further part of the scheme that defendant COSTELLO provided the fraudulently obtained White Sox tickets to defendant LEE in exchange for LEE making

cash payments to COSTELLO.

6. It was further part of the scheme that, with defendant COSTELLO's knowledge, defendant LEE sold the White Sox tickets obtained from COSTELLO to customers on StubHub at prices below face value, including as follows:

   a. During the 2016 baseball season, defendant LEE sold approximately 6,323 fraudulently obtained White Sox tickets on StubHub;

   b. During the 2017 baseball season, defendant LEE sold approximately 17,408 fraudulently obtained White Sox tickets on StubHub;

   c. During the 2018 baseball season, defendant LEE sold approximately 11,115 fraudulently obtained White Sox tickets on StubHub; and

   d. Approaching the 2019 baseball season, defendant LEE sold approximately 30 fraudulently obtained White Sox tickets on StubHub.

7. It was further part of the scheme that, at the beginning of the 2017 baseball season, defendant COSTELLO recruited O'Neil to assist in fraudulently generating and providing to defendant LEE White Sox tickets for re-sale in exchange for cash payments.

8. It was further part of the scheme that defendant LEE sold the fraudulently obtained White Sox tickets exclusively on StubHub, in part, because he believed this method of sale would conceal the source of the tickets.

9. It was further part of the scheme that defendant LEE received approximately $868,369 from the sale of approximately 34,876 fraudulently obtained White Sox tickets.

10. As a result of the scheme, the White Sox suffered a loss of approximately $1,000,000.

11. It was further part of the scheme that defendants LEE and COSTELLO misrepresented, concealed and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

12. On or about August 27, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE and
JAMES COSTELLO,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders@service.stubhub.coms to LEE at bleetickets@gmail.com with a subject line of *You've sold your tickets* confirming LEE's sale of 5 Lower Box seat tickets in Section 149, Row 32 for the White Sox game with the Seattle Mariners on August 27, 2016;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about September 5, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *You've sold your tickets* confirming LEE's sale of 6 Lower Box seat tickets in Section 115, Row 21 for the White Sox game with the Detroit Tigers on September 5, 2016;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL MAY 2019 GRAND JURY further charges:

On or about September 29, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction in or affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant knowingly caused $100,000 to be transferred from his account at Byline Bank to a real estate investment firm, such property having been derived from specified unlawful activity, namely wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957(a).

## COUNT FOUR

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about May 31, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *You've sold your tickets* confirming LEE's sale of 8 Lower Box seat tickets in Section 148, Row 36 to the White Sox game with the Oakland Athletics on June 25, 2017;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about July 13, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *Payments Processed on 07/13/2017* confirming the direct deposit of $1,656.45 into LEE's account at US Bank as proceeds from his sale on StubHub of Lower Box seat tickets to White Sox games with the Seattle Mariners and Cleveland Indians;

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about August 18, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *You've sold your tickets* confirming LEE's sale of 7 Lower Box seat tickets in Section 115, Row 30 to the White Sox game with the Detroit Tigers on August 26, 2017;

In violation of Title 18, United States Code, Section 1343.

10

## COUNT SEVEN

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about September 27, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *You've sold your tickets* confirming LEE's sale of 8 Lower Box seat tickets in Section 148, Row 3 to the White Sox game with the Los Angeles Angels on September 27, 2017;

In violation of Title 18, United States Code, Section 1343.

11

## COUNT EIGHT

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about June 30, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *Payments Processed on 06/30/2018* confirming the direct deposit of $5,032.75 into LEE's account at US Bank which included proceeds from his sale of tickets on StubHub to White Sox games with the Minnesota Twins and St. Louis Cardinals;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about August 9, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *Payments Processed on 08/09/2018* confirming the direct deposit of $2,176.22 into LEE's account at US Bank as proceeds from his sale of Gold Box and Lower Box tickets on StubHub to White Sox games with the Boston Red Sox, New York Yankees, and Cleveland Indians;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about August 23, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an email from orders_@service.stubhub.com to LEE at bleetickets@gmail.com with a subject line of *Payments Processed on 08/23/2018* confirming the direct deposit of $18,576.58 into LEE's account at US Bank which included proceeds from his sale of tickets on StubHub to White Sox games with the Kansas City Royals, Minnesota Twins, and Los Angeles Angels;

In violation of Title 18, United States Code, Section 1343.

14

## COUNT ELEVEN

The SPECIAL MAY 2019 GRAND JURY further charges:

On or about January 22, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction in or affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant knowingly caused $50,000 to be transferred from his account at Byline Bank to a suburban auto dealership, such property having been derived from specified unlawful activity, namely wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957(a).

## COUNT TWELVE

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about March 19, 2019 in the Northern District of Illinois, Eastern Division, and elsewhere,

## BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic funds transfer in the amount of approximately $6,020.64 from a StubHub account at JP Morgan Chase Bank to a Great Tickets, Inc. account at Byline Bank, which included proceeds from LEE's sale of 4 Lower Box seats in Section 118, Row 16 to the White Sox game with the Detroit Tigers on April 27, 2019;

In violation of Title 18, United States Code, Section 1343.

Case: 1:20-cr-00067 Document #: 1 Filed: 01/30/20 Page 17 of 20 PageID #:59

## COUNT THIRTEEN

The SPECIAL MAY 2019 GRAND JURY further charges:

1. Paragraphs 1 through 11 of Count One of this Indictment are incorporated here.

2. On or about March 28, 2019 in the Northern District of Illinois, Eastern Division, and elsewhere,

BRUCE LEE,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs and signals, namely an electronic funds transfer in the amount of approximately $466.64 from a StubHub account at JP Morgan Chase Bank to a Great Tickets, Inc. account at Byline Bank, which included proceeds from LEE's sale of 5 Lower Box seats in Section 118, Row 16 to the White Sox game with the Seattle Mariners on April 6, 2019;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOURTEEN

The SPECIAL MAY 2019 GRAND JURY further charges:

On or about March 12, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

### WILLIAM O'NEIL,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, O'NEIL falsely stated to agents of the Federal Bureau of Investigation that he never supplied Bruce Lee with complimentary White Sox tickets without the knowledge and authorization of the White Sox;

In violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION

The SPECIAL MAY 2019 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant BRUCE LEE shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, $868,369 in United States currency.

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 1957, as set forth in this Indictment, defendant BRUCE LEE shall forfeit to the United States of America any property involved in such offense or any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY